# IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED HOME INSPECTION, LLC and BRADLEY GAMLIN<br><br>Defendants | Case No: 3:23cv543 |

## COMPLAINT

COMES NOW, U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, ("Plaintiff" or "U.S. Bank"), by and through counsel, and for its Complaint against Advanced Home Inspection, LLC ("Advanced") and Bradley Gamlin ("Gamlin"), states as follows:

## PARTIES

1. U.S. Bank is a national bank organized under the laws of the United States. U.S. Bank maintains its charter in the State of Ohio and its main office is located in Cincinnati, Ohio.

2. Defendant Advanced Home Inspection, LLC is a Virginia Limited Liability Company with its principal place of business in Henrico, Henrico County, Virginia. Upon information and belief, all members of Advanced are citizens of the Commonwealth of Virginia.

3. Defendant Bradley Gamlin is an individual over the age of 18 and a citizen of Hanover County, Virginia.

1

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to U.S. Bank's claims occurred in this judicial district, the property to be recovered in located in this judicial district, Advanced maintains its principal place of business in this judicial district and Gamlin is a resident of this judicial district.

## COUNT I – BREACH OF CONTRACT

6. The allegations of paragraphs 1 through 5 of this Complaint are incorporated herein by this reference as if set forth fully herein.

7. Defendant On November 29, 2021, Defendant Advanced entered into an Equipment Finance Agreement ("7132 Agreement") with the Plaintiff. A copy of the Agreement is attached hereto and incorporated herein as EXHIBIT 1.

8. Pursuant to the Agreement, Plaintiff agreed to finance Defendant's purchase of a 2014 Freightliner Cascadia 125 Truck (VIN 3AKJGLDV2ESFU3928) (the "7132 Equipment").

9. In order to secure payment of the debt, Defendant Advanced granted a security interest in the Equipment. *See* Exhibit 1, pg. 2, ¶ 3.

10. Additionally in order to secure payment of the debt, Defendant Gamlin executed a Personal Guaranty of the debt. *See* Exhibit 1, pg. 7.

11. The total amount financed under the 7132 Agreement was $43,095.00.

12. Pursuant to the terms of the 7132 Agreement, Defendants were obligated to make thirty-four (34) equal monthly payments in the amount of $1,417.74.

13. Defendants breached the 7132 Agreement by failing to make all payments on the Agreement as they came due, and as a result, the 7132 Agreement is in default.

14. Pursuant to ¶ 6 of the 7132 Agreement, upon the event of default, Plaintiff can terminate the agreement and require Defendants to pay the unpaid balance of the agreement, including any future payments to the end of the term discounted at 2%. *See* EXHIBIT 1, p. 2, at ¶ 6.

15. The 7132 Agreement further provides that Plaintiff may recover default interest on any unpaid amount at the rate of 12% per year. *Id.*

16. The 7132 Agreement further provides that in the event of any dispute or enforcement of rights under the agreement, Defendants are responsible for payment of Plaintiff's reasonable attorney's fees, costs, disbursements, and other legal expenses incurred in exercising its rights and remedies under the agreement. *Id*.

17. Despite demand, Defendants failed or refused to make the payments required by the 7132 Agreement.

18. By virtue of default on the 7132 Agreement, as of June 22, 2023, Defendants are indebted to Plaintiff in the amount of $29,767.88, plus interest accruing from April 3, 2023 at the rate of 12% per annum until paid, plus other costs, fees, and attorneys' fees due per the Agreement.

## COUNT II – BREACH OF CONTRACT

19. The allegations of paragraphs 1 through 5 of this Complaint are incorporated herein by this reference as if set forth fully herein.

20. On February 17, 2022, Defendant Advanced entered into an Equipment Finance Agreement ("6015 Agreement") with the Plaintiff. A copy of the 6015 Agreement is attached hereto and incorporated herein as EXHIBIT 2.

21. Pursuant to the Agreement, Plaintiff agreed to finance Defendant Advanced's purchase of a 2016 Vanguard Dry Van Trailer (VIN 5V8VC5320GM607264) (the "6015 Equipment").

22. In order to secure payment of the debt, Defendant Advanced granted a security interest in the Equipment. *See* EXHIBIT 2, pg. 2, ¶ 3.

23. Additionally in order to secure payment of the debt, Defendant Gamlin executed a Personal Guaranty of the debt. *See* Exhibit 1, pg. 7.

24. The total amount financed under the 6015 Agreement was $67,985.00.

25. Pursuant to the terms of the 6015 Agreement, Defendants were obligated to make fifty-eight (58) equal monthly payments in the amount of $1,375.34.

26. Defendants breached the 6015 Agreement by failing to make all payments on the Agreement as they came due, and as a result, the 6015 Agreement is in default.

27. Pursuant to ¶ 6 of the 6015 Agreement, upon the event of default, Plaintiff can terminate the agreement and require Defendants to pay the unpaid balance of the agreement, including any future payments to the end of the term discounted at 2%. *See* EXHIBIT 2, pg. 2, at ¶ 6.

28. The 6015 Agreement further provides that Plaintiff may recover default interest on any unpaid amount at the rate of 12% per year. *Id.*

29. The 6015 Agreement further provides that in the event of any dispute or enforcement of rights under the agreement, Defendants are responsible for payment of Plaintiff's reasonable attorney's fees, costs, disbursements, and other legal expenses incurred in exercising its rights and remedies under the agreement. *Id*.

30. Despite demand, Defendants failed or refused to make the payments required by the 6015 Agreement.

31. By virtue of default on the 6015 Agreement, as of June 22, 2023, Defendants are indebted to Plaintiff in the amount of $65,992.66, plus interest accruing from February 23, 2023 at the rate of 12% per annum until paid, plus other costs, fees, and attorneys' fees due per the Agreement.

**WHEREFORE**, as to Count One, Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, demands judgment against Defendants Advanced Home Inspection and Bradley Gamlin, jointly and severally in the amount of $29,767.88, plus prejudgment interest accruing at 12 percent *per annum* from April 3, 2023 to judgment, plus post judgment interest, costs, reasonable attorneys' fees, and any and all other such relief the Court deems appropriate.

**WHEREFORE**, as to Count Two, Plaintiff U.S. Bank National Association, d/b/a U.S. Bank Equipment Finance, demands judgment against Defendants Advanced Home Inspection and Bradley Gamlin, jointly and severally in the amount of $65,992.66, plus prejudgment interest accruing at 12 percent *per annum* from February 23, 2023 to judgment, plus post judgment interest, costs, reasonable attorneys' fees, and any and all other such relief the Court deems appropriate.

        THE LAW OFFICES OF RONALD S. CANTER, LLC

*/s/ Ronald S. Canter*
Ronald S. Canter, Esquire (#87187)
Bradley T. Canter, Esquire (#86766)
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
E-Mail:  rcanter@roncanterllc.com
E-Mail:  bcanter@roncanterllc.com
*Attorneys for Plaintiff*