IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

U.S. BANK NATIONAL ASSOCIATION, )
    Plaintiff, )
     )
    v. )   Civil Action No.  3:23CV543 (RCY)
     )
ADVANCED HOME INSPECTION, )
LLC, *et al.*, )
    Defendants. )
     )

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Renewed Motion for Default Judgment. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated herein, Plaintiff's Motion will be granted in part, as the Court does not find the full, requested amount of fees and prejudgment interest to be appropriate in this case.

**I. BACKGROUND[1]**

Plaintiff U.S. Bank filed its Complaint on August 24, 2023, alleging breaches of contract by Defendants. Compl., ECF No. 1. On September 28, 2023, Plaintiff filed two Proof of Service documents, one for Defendant Bradley Gamlin and another for Defendant Advanced Home Inspection, LLC ("Advanced"), showing that Defendants were served that same day. ECF Nos. 5, 6. Plaintiff filed a Request for Entry of Default as to Gamlin and a Request for Entry of Default as to Advanced on November 16, 2023. ECF Nos. 7, 8. On November 20, 2023, the Clerk requested affidavits necessary to support Plaintiff's request for entry of default. Plaintiff

---

[1] The Court incorporates the comprehensive recitation of facts from its January 3, 2025 Memorandum Opinion. *See* ECF No. 14 at 1–4.

supplemented its previous requests accordingly, *see* ECF Nos. 7–2, 8–1, and the Clerk entered default as to both Defendants, *see* ECF Nos. 9, 10.

Then, on March 7, 2024, Plaintiff filed a motion for default judgment against both Defendants. *See* Mot. Default J., ECF No. 11. The Court denied Plaintiff's motion, despite its finding that Plaintiff "adequately stated claims against both Defendants, in both counts," because Plaintiff failed to provide sufficient information for the Court to assess its requested damages and attorneys' fees. *See* Jan. 3, 2025 Mem. Op. 5, 8–10, ECF No. 14.

Finally, on May 5, 2025, Plaintiff filed the instant Renewed Motion for Default Judgment, ECF No. 16. In that filing, Plaintiff proffered additional details and evidence in support of its requested damages. For the reasons stated herein, Plaintiff's Renewed Motion for Default Judgment will be granted.

## II.  LEGAL STANDARD[2]

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. Default must be entered by the clerk "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After an entry of default, the plaintiff can apply to the clerk for an entry of default judgement if the claim is for a "sum certain or a sum that can be made certain by computation." See Fed. R. Civ. P 55(b)(1). When the relief requested is not for an ascertainable sum, the plaintiff must apply to the court for default judgment. *See* Fed. R. Civ. P 55(b)(2). When doing so, "[t]he plaintiff must provide actual evidence of damages," Moore's Fed. Prac. – Civ. § 55.32 (2026), because a party who defaults by failing to plead or defend does not admit the allegations in the

---

[2] Because the Court already found Plaintiff adequately stated claims against both Defendants, *see* ECF No. 14, the instant memorandum opinion focuses only on the unresolved damages issue.

claim as to the amount of damages, *see Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6).

### III.  ANALYSIS

**A.  Choice of Laws**

Because the Court's jurisdiction in this matter is based on 28 U.S.C. § 1332, diversity jurisdiction, the Court "must apply the substantive law of the forum state including its choice of law rules." *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). "Virginia is a traditional state. As a result, '[i]t is well settled that Virginia . . . adheres to traditional conflict-of-law rules, when presented with a choice-of-law question.'" *Hatfill v. N.Y. Times Co.*, 459 F. Supp. 2d 462, 465 (E.D. Va. 2006) (quoting *Clark v. Clark*, 398 S.E.2d 82, 89 (Va. Ct. App. 1990)). "Virginia courts . . . determine whether an issue is procedural or substantive according to [Virginia's] own conflicts rules. If the issue is deemed procedural under the conflict of laws rules, the court shall apply its rules and procedure." *Clark*, 398 S.E.2d at 89; *see also Hooper v. Musolino*, 364 S.E.2d 207, 211 (1988); *RMS Tech., Inc. v. TDY Indus.*, 64 F. App'x 853, 857 (4th Cir. 2003) (unpublished).

This action arises from two agreements, each of which contains a Minnesota choice-of-law provision.[3] "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999). Accordingly, as the Court previously held, Minnesota law governs the substantive aspects of this dispute. Mem. Op. 6–7, ECF No. 14. Applying such law, the Court found that Plaintiff stated claims against Defendant, in both asserted Counts, and thus a judgment

---

[3] Both Agreements state that they are to be "governed and construed with Minnesota law." Compl. Ex. 1 at 2; Compl. Ex. 2 at 2. Included as addenda to the Agreements, both Guaranties state that Defendant Gamlin "expressly consent[ed] to the laws . . . of Minnesota." Compl. Ex. 1 at 7; Compl Ex. 2 at 7.

3

award is appropriate. *Id.* at 8–10. The question now is whether the remaining, specific issues before the Court on the present Motion are substantive or procedural.

The instant motion presents two issues for the Court to adjudicate: (1) the reasonableness of the requested attorneys' fees, and (2) the reasonableness of the default damages sought, to include prejudgment interest. According to Virginia's conflicts rules, attorney fee awards are a procedural issue, and so Virginia law applies. *See JTH Tax, LLC v. Manzo*, 2025 U.S. Dist. LEXIS 141357, at *2 (E.D. Va. July 23, 2025) (citing *Brant v. Schneider*, 2024 WL 2713307, at *3 (Va. Ct. App. May 28, 2024), for the conclusion that assessment of a fee award is a procedural issue); *cf. Mission Integrated Techs., LLC v. Clemente*, 158 F.4th 554, 570 (4th Cir. 2025) (assessing whether *procedural* error occurred in the district court's granting of attorneys' fees). Meanwhile, the reasonableness of the default damages sought is a substantive issue governed by the state law designated in the choice-of-law provision—here, Minnesota. *Wichard v. Suggs*, 2016 U.S. Dist. LEXIS 46156, at *12–13 (E.D. Va. Apr. 5, 2016); *see also PateientPoint Network Sols., LLC v. Veteran Grp., Inc.*, 2022 U.S. Dist. LEXIS 171078, at *12 (E.D. Va. Aug. 29, 2022), *report and recommendation adopted by* 2022 U.S. Dist. LEXIS 170194 (E.D. Va. Sept. 16, 2022). Prejudgment interest is no exception. *Star Techs. v. Philips Med. Sys., N.A.*, 23 Va. Cir. 267, 269 (Fairfax Cnty. Cir. Ct. Mar. 4, 1991) ("prejudgment interest is a matter of substance, not procedure" (citing *Marks v. Sanzo*, 345 S.E.2d 263, 356 (Va. 1986); 10B M.J. Interest, § 12 (1989 Cum. Supp.))); *accord Fei Co. v. Cambridge Global Servs.*, 2010 U.S. Dist. LEXIS 75978, at *11 (E.D. Va. July 7, 2010) ("prejudgment interest is a matter of substantive law, rather than procedural").

Having thus determined the law to be applied to each issue, the Court turns to its assessment of the requested judgment awards.

## B. Attorneys' Fee Award

As explained in the Court's prior opinion in this case, the relevant "Agreements and Guaranties provide that U.S. Bank is entitled to 'reasonable attorneys' fees' incurred in the enforcement of the contracts." Mem. Op. 8, ECF No. 14 (quoting Compl. Ex. 1 at 2; Compl. Ex. 2 at 2; Compl. Ex. 1 at 7; Compl. Ex. 2 at 7). In Virginia, the reasonableness of attorneys' fees hinges on an evaluation of—

> the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

*Schlegel v. Bank of Am.*, 628 S.E.2d 362, 369 (Va. 2006) (quoting *Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829, 833 (Va. 1998)).

In its Renewed Motion for Default Judgment, Plaintiff requests attorneys' fees in the amount of $9,329.00. Mot. 4. In support of its request, Plaintiff relies on an affidavit from Ronald S. Canter. Mot. Ex. 2 ("Canter Aff."), ECF No. 16-7. That affidavit details the basis for Plaintiff's fee and costs request. *See id.* ¶¶ 10–18. Specifically, and as contemplated by *Schlegel*, it sets forth the agreed-upon blended hourly rate for all attorney work, identifies the legal personnel who worked on the matter, details the hours expended and fees incurred in litigating this action, and notes that additional time and expenses will be required to enforce and collect any judgment entered herein. *Id.* ¶¶ 11–16. The Canter Affidavit attests that the fees for hours-worked and anticipated to be worked comes to $8,566.00,[4] plus costs amounting to $763.00. Notably, $1,120.50 of the $8,566.00 sum represents work related to counsel's (1) review of the Court's January 3, 2025, Memorandum Opinion denying Plaintiff's initial default judgment motion, and (2) drafting of the instant Renewed Motion. Mot. Ex. 2-1 at 3, ECF No. 16-8.

---

[4] This figure does not include any charges for the "anticipated . . . additional time and expense" associated with enforcing judgment. Mot. Ex. 2-1 at 3, ECF No. 16-8 (listing February 25, 2025 as the last billable entry).

In consideration of the *Schlegel* factors, the Court finds the majority of the attorneys' fees reasonable—with the exception of the $1,120.50 charged for work necessitated by counsel's initial flawed motion. Fees incurred to correct deficiencies in counsel's own filing are not properly characterized as "necessary and appropriate" and will not be shifted to the opposing party. Accordingly, the Court deducts that sum from the requested amount and awards Plaintiff $8,203.50 in attorneys' fees and costs, finding such sum reasonable based on the information provided and application of the *Schlegel* factors.

### C. Damages for Breach of Contract

In Minnesota, a damages award for breach of contract "should place the plaintiffs where they would have been if the contract were performed." *Johnson v. Garages, Etc., Inc.*, 367 N.W.2d 85, 86 (Minn. App. 1985). Thus, the "non-breaching part[y] should recover damages sustained by reason of the breach which arose naturally from the breach or could reasonably be supposed to have been contemplated by the parties when making the contract as the probable result of the breach." *Lesmeister v. Dilly*, 330 N.W.2d 95, 103 (Minn. 1983).

Here, Plaintiff seeks a total of $95,760.54 in damages as a result of Defendants' breach—$29,767.88 from Defendants' breach under the 7132 Agreement, and $65,6992.66 from the 6015 Agreement. Mot. 4, ECF No. 16.[5] The basis for the damages sought is set forth in Patricia Thomas' Declaration of Damages. Mot. Ex. 1 ("Thomas Decl.") ¶¶ 19, 30, ECF No. 16-1. Importantly, Plaintiff also provides a detailed accounting that explicitly itemizes Defendants' debts. Thomas Decl. Exs. B, D, ECF Nos. 16-4, 16-6. Accordingly, the Court finds that the

---

[5] The Court notes that the 6015 Agreement began accruing on February 23, 2023, but "Plaintiff agrees to calculate the pre-judgment interest for both Agreements starting from April 3, 2023 . . . ." Mot. 6, n.1.

requested $95,760.54 sum represents the amount Plaintiff would have received had the contracts been performed—rendering the requested sum reasonable under Minnesota law.[6]

Finally, the Court turns to Plaintiff's request for prejudgment interest, specifically calculated per the contract rate of 12% per annum from April 3, 2023, through the date of judgment. In breach-of-contract actions where, like here, prejudgment interest is allowed under common law and damages are ascertainable, such interest is governed by Minn. Stat. § 334.01. *Computer Forensic Servs. v. Afremov*, 2020 Minn. Dist. LEXUS 926, at *1–4 (Hennepin Cnty. Dist. Ct. Mar. 17, 2020); *see also Pakonen v. Hous. Alternatives Dev. Co.*, 2023 Minn. Dist. LEXIS 3196, at *7–8 (Hennepin Cnty. Dist. Ct. July 7, 2023). That statute provides that "[t]he interest for any legal indebtedness shall be at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing." Minn. Stat. § 334.01. Further, "pre-judgment interest begins to accumulate in a breach of contract case on the day of the breach." *Pakonen*, 2023 Minn. Dist. LEXIS 3196 at *8 (citing *Northwest Airlines, Inc. v. Flight Trails*, 3 F.3d 292, 297–298 (8th Cir. 1993)). And, as the name would suggest, prejudgment accrual generally ends when a judgment is entered. *Id.* at *10. Accordingly, Plaintiff's request for prejudgment interest at the contracted-for rate of 12% per annum is facially proper.

That said, the Court finds that awarding Plaintiff full prejudgment interest through the date of the instant order would be inappropriate. "An award of interest may be allowed in the sound discretion of the trial court as a matter of just compensation." *In re Estate of Renczykowski*, 409 N.W2d 888, 892-93 (Minn. Ct. App. 1987). Such interest is imposed to "compensate a plaintiff

---

[6] While the Court may conduct an evidentiary hearing under Rule 55(b)(2), it declines to do so, finding that the record now contains sufficient evidence to award damages without a hearing. *See Anderson v. Found. for Advancement, Educ. & Emp. of Am Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing").

'for the loss of the use of money to which plaintiff has been entitled since the time the verdict was rendered." *Staab v. Diocese of St. Cloud*, 830 N.W.2d 40, 47 (Minn. Ct. App. 2013), *rev'd on other grounds*, 853 N.W.2d 713 (Minn. 2014). Prejudgment interest thus serves a compensatory function—as with fees, it is not a mechanism to reward delay attributable to the movant.

Applying that principle here makes clear Plaintiff should not receive interest through the date of this Order. Plaintiff's prior motion for default judgment was denied solely because it failed to provide sufficient evidence for the Court to assess damages, not due to any delayed payment of a contractual obligation. *See* Mem. Op. 8–10. Accordingly, the Court limits the award of prejudgment interest to January 3, 2025—the date upon which the Court denied Plaintiff's initial motion for default judgment—because any delay beyond that date was attributable to Plaintiff's own failure of proof rather than Defendant's nonpayment.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for Default Judgment (ECF No. 16) will be granted in part, with a limited award of attorneys' fees and prejudgment interest.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 26, 2026
Richmond, Virginia

8